**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KYUNG S. IM,
            Appellant,

    v.

FEDERAL DEPOSIT INSURANCE
    CORPORATION,
            Agency.

DOCKET NUMBER
DC-0752-15-0175-I-1

DATE: June 3, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kyung S. Im, Fairfax, Virginia, pro se.

Scott David Cooper, Arlington, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed without good cause shown for the delay. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      As noted by the administrative judge, the appellant was removed from a Financial Economist position by the agency, effective July 21, 2014. Initial Appeal File (IAF), Tab 18, Initial Decision (ID) at 1-2. On November 19, 2014, the appellant filed an appeal challenging the removal. IAF, Tab 1. Generally, an appeal must be filed no later than 30 days after the effective date of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later. *See* 5 C.F.R. § 1201.22(b)(1). Accordingly, as found by the administrative judge, the appellant filed his appeal 3 months late. ID at 2.

¶3      The Board may waive its regulatory filing time limit for good cause shown. 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time

limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his appeal.  *Id.*

¶4      We have considered the appellant's arguments on review, including the pleading he filed on April 23, 2015, and find that he has not shown good cause for failing to timely file his appeal.[2]  As the administrative judge correctly found, the agency's decision letter provided the appellant with clear notice of his Board appeal rights, including the deadline for filing an appeal.  ID at 2; IAF, Tab 1 at 37-38.  The appellant explained that he missed the filing deadline because of his mistaken belief that the Board was a "bureau" inside the agency.  Petition for Review (PFR) File, Tab 1 at 13-15.  The appellant argues that the Board's name contributed to this mistaken belief.  *Id.* at 23-24.  He believed there was no point in appealing to any division inside the agency.  *Id*. at 13-15.  He also explained that he did not take the termination letter seriously because it was one in a series of "nonsense letters" from the agency and it contained mistakes.  *Id.* at 18-19.

¶5      A lack of familiarity with the Board's administrative practices does not constitute good cause for waiver of the Board's timeliness requirements.  *Mata v. Office of Personnel Management*, 53 M.S.P.R. 552, 554-55, *aff'd*, 983 F.2d 1088 (Fed. Cir. 1992).  The Board has held that, where a decision clearly states the instructions and deadline for filing, a party's failure to follow the instructions constitutes a failure to exercise due diligence and ordinary prudence.  *Pfeiffer v. Department of the Navy*, 80 M.S.P.R. 179, 183 (1998), *aff'd*, 230 F.3d 1375 (Fed. Cir. 1999).  The decision letter provided clear instructions on when, where, and how to file an appeal.  *See* PFR File, Tab 11 at 66.  It also noted that the Board's regulations could be accessed via its website.  *Id*.  The appellant admits that he

---

[2] On March 10, 2015, the appellant filed a motion requesting to submit a pleading concerning the timeliness of his appeal that he believes originally was filed on November 30, 2014, because it contained the most detailed explanations of the reasons for his late filing.  Petition for Review File, Tab 7.  The appellant's motion was granted, *see id.*, Tab 10, and we have considered the appellant's November 30, 2014 filing on review.

was able to find information concerning the Board's appellate process via our website when he "searched the courts in the DC area to file a complaint." PFR File, Tab 1 at 20. Even considering that the appellant is pro se, he failed to exercise due diligence and ordinary prudence under the circumstances.

¶6    The appellant believes that the agency is "hacking" into his home computer and subjecting him to surveillance. *Id.* at 6-10. To the extent that these allegations could be considered a request for a protective order pursuant to 5 C.F.R. § 1201.55(d), the Board will not grant such an order based on mere speculation. *Leaton v. Department of the Interior*, 65 M.S.P.R. 331, 341 (1994), *aff'd*, 64 F.3d 678 (Fed. Cir. 1995) (Table). Although the appellant has filed numerous exhibits purporting to support these allegations, *e.g.*, PFR File, Tab 11 at 13-19, 69-98, he is merely speculating that these exhibits evidence "hacking" or surveillance by the agency, *see, e.g.*, *id.* at 16-17 (the appellant has provided evidence of a problem scanning a letter, but no evidence that the agency is responsible for the problem). Based on our review of the record, we cannot conclude that the appellant has been subjected to the type of harassment that would warrant a protective order pursuant to 5 C.F.R. § 1201.55(d).

¶7    The appellant alleges that he was asked to complete an impossible assignment. PFR File, Tab 1 at 10, 20. The appellant also has described his work on the "Dodd-Frank Stress Test." *Id.* at 11-13. We have not addressed these arguments because they are not material in determining whether the appeal was timely filed. The appellant has not described any circumstance beyond his control that prevented him from timely filing his appeal. Any confusion he may have had regarding the Board's independence from the agency could have been overcome by an exercise of ordinary prudence. Because the appellant has not shown good reason for the delay in filing his appeal, the administrative judge appropriately dismissed the appeal as untimely. *See* 5 C.F.R. § 1201.22(c).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.